SINGER MANUF'G CO. v. HENRY STEWART MANUF'G CO. and another.

*(Circuit Court, S. D. New York.   May 9, 1881.)*

1. LETTERS PATENT—NOVELTY—INVENTIVE SKILL.

> Mechanism for adjusting the disks on the face plate of sewing machines by a thumb-screw on the top of the face plate, whereby the means of regulating the tension of the thread is accessible to the right hand, as well as to the left, of the operator, is novel and involves the exercise of sufficient skill to entitle the inventor to a patent.

2. SAME—INFRINGEMENT—SUBSTITUTION OF EQUIVALENTS.

> The substitution of well-known equivalents, for the minor parts of complicated mechanism, will not prevent infringement if the same result is accomplished by the two machines in substantially the same way.

3. SAME—SEWING MACHINES—INFRINGEMENT.

> Letters patent No. 214,513 are infringed by a machine having a thumb-screw at the top of the face plate to adjust the tension of the thread by working a rigid lever of the first order inside the face plate, connected with the disks in the same manner as in the others, but having a coiled wire spring between the lever and thumb-screw to relieve against the latter's action.

In Equity.

*Livingston Gifford,* for plaintiff.

*W. H. McDougall,* for defendants.

WHEELER, D. J.  In sewing machines having bracket-arms, tension was given to the thread by a thumb-screw on the face-plate, accessible with convenience to the left hand only of the operator, working a lever of the third order, made elastic to relieve against the action of the thumb-screw, and connected by a standard passing through the inner with the outer one of the two discs, on the face-plate, between which the thread passed.   Lebbens Baldwin Miller continued to adjust the discs by a thumb-screw on the top of the face-plate, readily accessible to the right hand as well as to the left of the operator, working an elastic lever of the first order inside the face-plate, and connected in the same manner as the other with the discs.   He took out letters patent No. 214,513, for this improvement, which the orator owns.   The defendants make and sell such sewing machines, having a thumb-screw at the top of the face-plate to adjust the tension of the thread by working a rigid lever of the first order inside the face-plate, connected with the discs in the same manner as the others; but having a coiled wire spring between the lever and thumb-screw to relieve against the action of the thumb-screw.   This suit is brought upon the patent against this manufacture and sale as an infringement.   Two questions are made: one is whether the change accomplished by Miller involved sufficient novelty and skill to amount

to a patentable invention, and the other is whether the defendants infringe.

It was quite desirable and useful to have the means of regulating the tension accessible to the right hand as well as to the left of the operator. Placing the thumb-screw at the top of the face-plate would do it, if mechanism could be contrived to adjust the discs by the thumb-screw at that place. Such mechanism had to be devised before it could be made by mere mechanical skill. Miller devised it, and the effort must have arisen above mechanical to inventive skill. When done it was new, as distinguished from the old, and appears to have been well patentable. The defendants have taken the thumb-screw in its new position, and made it accomplish the same result as Miller did, by substantially equivalent means, in substantially the same way. Miller was not an inventor of the whole, so as to be entitled to cover every form of device of that kind accomplishing the same result, but was entitled only to his own particular improvement, and the defendants might take any other form so long as they left that to him. But here they have taken the principal thing precisely as he arranged it, and have only changed the forms of the minor parts by taking well-known equivalents. These changes may be improvements upon his, but, if they are, the defendants have taken his patented invention to improve upon, which is not allowable.

Let there be a decree for the orator for an injunction and an account, according to the prayer of the bill, with costs.